**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HERMAN OLIPHANT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09CV00900 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion will be summarily denied.

On November 15, 2007, a grand jury indicted movant on one count of being a felon in possession of a firearm, one count of possession with intent to distribute cocaine, one count of possession with intent to distribute cocaine base, and one count of possession of a firearm in furtherance of a drug trafficking crime. On May 14, 2008, movant pled guilty to count four of the indictment. On June 10, 2008, the Court sentenced movant to 60 months' imprisonment. Movant did not appeal.

On June 8, 2009, movant filed the instant motion pursuant to 28 U.S.C. § 2255. In the motion, movant claims that he was deprived of effective assistance of counsel because count four of the indictment failed to charge a codified federal crime under 18 U.S.C. § 924.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Count four of the indictment charged that on January 18, 2007, in St. Louis County, in the Eastern District of Missouri, movant, during and in relation to the drug trafficking crime named in count three, did knowingly possess a Browning .25 semi-automatic pistol, which previously traveled in interstate commerce, in violation of 18 U.S.C. § 924(c).

Rule 7 of the Federal Rules of Criminal Procedure governs the form and content of indictments. Rule 7 states:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1).

Count four of the indictment complies with the requirements of Rule 7(c). As a result, movant's counsel cannot have been ineffective as a result of a faulty charging instrument.

Additionally, the Court notes that "after conviction, a sentence is not open to collateral attack on the ground that the information or indictment upon which it was based was defective." Keto v. U.S., 189 F.2d 247, 249 (8th Cir. 1951). So, movant is not entitled to relief on the ground that the indictment was defective.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd Day of June, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE